MAUST, Admx., Appellee,

v.

MEYERS PRODUCTS, INC. et al., Appellants.

[Cite as *Maust v. Meyers Products, Inc.* (1989), 64 Ohio App.3d 310.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 55838, 55839, 55840 and 56283.

Decided Sept. 18, 1989.

*Lovinger, Wolkov & Schwartz, Leonard A. Wolkov; Judith M. Francetic,* Assistant Law Director; and *Bruce F. Molnar,* for appellee.

*Roger Peckinpaugh; Squire, Sanders & Dempsey* and *Frank A. DiPiero; Leonard Davis; Weston, Hurd, Fallon, Paisley & Howley* and *Kenneth A. Torgerson; Musca & Miralia* and *Earl F. Ghaster,* for appellants.

JOHN V. CORRIGAN, Presiding Judge.

Appellants, Meyer Products, Inc. and the Louis Berkman Company ("appellants"), appeal the decision of the trial court wherein summary judgment was granted in favor of appellee, city of Cleveland ("appellee").

The dispute between the parties arose as a result of a suit filed against appellants. Dora Maust, Administratrix of the Estate of George E. Maust, Jr., filed suit for wrongful death following a fire which occurred in a home rented by the decedent. The complaint alleged that appellants negligently failed to install a fire alarm or smoke detector in the dwelling as required by a city of Cleveland codified ordinance.

Appellee was brought into the action by way of a third-party complaint alleging negligence for failure to comply with Chapters 365 and 367 of the city's codified ordinances, which require that the premises be inspected annually and given a certificate of occupancy. Appellants sought contribution and indemnity from appellee based upon the wrongful death action. The indemnity claim was not pursued.

Subsequently, appellee filed a motion for summary judgment based upon the public duty doctrine. Appellee maintained that the enforcement of an ordinance which creates a policy for inspection under the city housing code does not extend a duty from the city to a particular person. The policy creates a public duty and, therefore, cannot be the basis for a tort action absent a special relationship.

Appellants filed a brief in opposition to appellee's motion for summary judgment claiming that the city was attempting to rely on the doctrine of sovereign immunity which was abrogated by the Ohio Supreme Court in 1982

by its decision in *Haverlack v. Portage Homes, Inc.* (1982), 2 Ohio St.3d 26, 2 OBR 572, 442 N.E.2d 749.

The trial court granted appellee's motion for summary judgment. It is from that decision that appellants file this timely appeal.

Appellants present two assignments of error for review by this court. Both assignments of error raise substantive arguments in support of their contention that summary judgment was improperly granted.

"I. The negligent failure of the city of Cleveland to perform scheduled building inspections is not immune from suit.

"II. The negligent failure of the city of Cleveland to perform scheduled building inspections violated a special duty owed to the owners and occupants of the property."

On appeal, appellants argue that appellee was improperly granted summary judgment since their conduct in failing to conform to the ordinance governing inspection of dwellings amounted to negligence. In essence, appellants maintain that appellee owed a special duty to the decedent which was neglected.

It is beyond dispute that municipalities can no longer enjoy sovereign immunity as a shield from tort liability. *Haverlack v. Portage Homes, Inc.* (1982), 2 Ohio St.3d 26, 2 OBR 572, 442 N.E.2d 749. The doctrine of sovereign immunity has been abolished with respect to both proprietary and governmental functions. *Enghauser Mfg. Co. v. Eriksson Engineering Ltd.* (1983), 6 Ohio St.3d 31, 6 OBR 53, 451 N.E.2d 228. However, in *Enghauser, supra,* the court did provide that while municipalities would be subject to liability for harmful activities, they would be subject to the same tort law principles that are applied to private parties and corporations. Thus, to sustain a cause of action for negligence, it must be shown that a duty existed that was subsequently breached. *Id.* at 35, 6 OBR at 56, 451 N.E.2d at 231–232.

In *Sawicki v. Ottawa Hills* (1988), 37 Ohio St.3d 222, 525 N.E.2d 468, the Ohio Supreme Court reaffirmed its decision in *Haverlack, supra,* and its progeny. The court noted that "there was an expressed exception to the effect that no governmental entity could be made liable for 'the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion.'" *Sawicki, supra,* at 225–226, 525 N.E.2d at 473; *Marrek v. Cleveland Metroparks Bd. of Commrs.* (1984), 9 Ohio St.3d 194, 9 OBR 508, 459 N.E.2d 873, syllabus; *Mathis v. Cleveland Public Library* (1984), 9 Ohio St.3d 199, 9 OBR 511, 459 N.E.2d 877, syllabus; *O'Brien v. Egelhoff* (1984), 9 Ohio St.3d 209, 9 OBR 520, 459 N.E.2d 886. Thus, the court held that a municipality cannot be found liable in negligence

when its employees act, or refuse to act, so as to conform to a municipal ordinance and/or a state statute. *Sawicki, supra,* 37 Ohio St.3d at 226, 525 N.E.2d at 473–474.

In its motion for summary judgment, appellee argued that no special duty was owed to the decedent which would impose liability. In support of this motion, appellee provided the trial court with documentary evidence which established that carrying out the requirements of inspection of premises for fire alarms pursuant to the city's codified ordinances was a public function. Absent a special duty, appellee would not be found liable for negligence.

In response to appellee's motion, appellants argued that appellee could not rely on the doctrine of sovereign immunity as a defense to the contribution claim sought by appellants. This argument, however, was not responsive to the legal basis relied upon by appellee in requesting summary judgment. Instead of providing the trial court with some evidence to establish that an issue of fact remained as to appellee's potential liability under the public duty doctrine, appellants merely refuted the applicability of sovereign immunity. Appellee did not even suggest that sovereign immunity was relevant to the case.

On appeal, appellants now wish to refute the award of summary judgment by presenting substantive arguments contending that the public duty doctrine does not apply in this instance because appellee owed a special duty to the decedent. In the trial court, however, appellants only argued that the public duty doctrine was analogous with sovereign immunity. In essence, appellants are attempting to argue what should have been presented to the trial court by way of response to appellee's motion for summary judgment.

In determining whether summary judgment was correctly granted to appellee, we are mindful of the fact that appellee carried the burden of showing that no material issue of fact was present and that she was entitled to summary judgment as a matter of law. See *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. When such a motion is made and supported with documentary evidence pursuant to the requirements of Civ.R. 56, the adverse party does have the responsibility of rebuttal and must supply evidentiary materials supporting his position. *Whiteleather v. Yosowitz* (1983), 10 Ohio App.3d 272, 10 OBR 386, 461 N.E.2d 1331.

Since appellants made no attempt to effectively respond to the issues raised by appellee's motion for summary judgment, the trial court correctly granted that motion. Moreover, appellants cannot raise new issues on appeal that were not raised in the trial court. See *Van Camp v. Riley* (1984), 16

Ohio App.3d 457, 463, 16 OBR 539, 544–545, 476 N.E.2d 1078, 1084; citing *Republic Steel Corp. v. Cuyahoga Cty. Bd. of Revision* (1963), 175 Ohio St. 179, 23 O.O.2d 462, 192 N.E.2d 47. See, also, App.R. 12(A); *State v. 1981 Dodge Ram Van* (1988), 36 Ohio St.3d 168, 522 N.E.2d 524; *Hungler v. Cincinnati* (1986), 25 Ohio St.3d 338, 25 OBR 392, 496 N.E.2d 912; *C. Miller Chevrolet, Inc. v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 67 O.O.2d 358, 313 N.E.2d 400.

Accordingly, we find that there is no merit to appellants' contention that summary judgment was improvidently granted to appellee. The judgment of the trial court is affirmed.

*Judgment affirmed.*

GEORGE and JACKSON, JJ., concur.

JOYCE J. GEORGE, J., retired, of the Ninth Appellate District, sitting by assignment.

JAMES W. JACKSON, J., of the Court of Common Pleas of Lake County, sitting by assignment.