OPINION
James P. Haas, plaintiff-appellant, appeals from the March 29, 1999 judgment of the Franklin County Court of Common Pleas granting summary judgment to U.S. Cargo Courier Service, defendant-appellee.
In 1992, before his employment with appellee, appellant suffered an industrial injury to his lower back. Appellant filed a workers' compensation claim with the Industrial Commission of Ohio ("commission"), and such claim was allowed. Appellant began his employment with appellee in September 1997, and on September 24, 1997, appellant allegedly suffered a lower-back injury during the course of his employment while lifting a cooler from a van. Appellee, a self-insured employer for purposes of workers' compensation benefits, denied appellant's claim, determining that appellant had not sustained a new injury.
Appellant filed a workers' compensation claim with the commission in January 1998. On April 23, 1998, the commission's district hearing officer denied appellant's claim. Appellant appealed such denial to the commission's staff hearing officer, who affirmed the district hearing officer's order on June 18, 1998. On June 25, 1998, appellant appealed the district hearing officer's order to the commission, which denied appellant's appeal on June 30, 1998. The order was mailed to the parties on July 7, 1998, and appellant alleges that he received the order on July 14, 1998.
On September 11, 1998, pursuant to R.C. 4123.512, appellant filed a notice of appeal and a complaint in the Franklin County Court of Common Pleas. The notice of appeal did not contain the name or address of appellee in the case caption. Instead, the case caption on the notice of appeal named as defendants-appellees the commission, the commission's acting administrator, James Conrad, and:
CMH Aviation, Inc.
Please serve statutory agent
J.S. Tritt
1980 Norton Road
Columbus, Ohio 43228
The body of the notice of appeal states:
 Now comes Plaintiff-Appellant, James P. Hass [sic], by and through counsel and hereby gives notice of his appeal from the order of the Staff Hearing Officer, C.A. Sullivan, dated June 30, 1998, mailed on July 7, 1998 and received July 14, 1998 which refused the claimant's appeal from the order issued June 18, 1998, in claim No. 97-614432, wherein James P. Hass [sic] is the Claimant, and CMH Aviation, Inc. (Previously known as "The U.S. Cargo Courier Service) is the employer.
The caption of the complaint is the same as the caption of the notice of appeal, and paragraph two of the complaint states:
 The employer, CMH Aviation, Inc. [hereinafter referred to as "U.S. Cargo"], was the employer of one or more workers at all material times mentioned herein and was amenable to the provisions of the Workers' Compensation Act of the State of Ohio, which was in full force and effect at all times mentioned.
The remainder of the complaint thereafter uses "U.S. Cargo" as the name of appellant's employer.
It is undisputed that appellee is the only proper employer of appellant; that CMH Aviation, Inc. is neither a successor nor predecessor of appellee; and that J.S. Tritt is not and has never been a statutory agent for appellee. As a result of appellant's failure to name appellee in his notice of appeal, appellee was never served with a copy of appellant's notice of appeal. On September 28, 1998, appellant filed an amended complaint properly naming appellee as a party, and appellee was served with such amended complaint on October 13, 1998.
On March 3, 1999, appellee filed a motion for summary judgment asserting that the trial court lacked subject-matter jurisdiction over the appeal as a result of appellant's failure to comply with the jurisdictional mandate of R.C. 4123.512, which requires a party appealing a workers' compensation claim to file a notice of appeal that includes the name of the employer. Appellant did not file a responsive pleading to appellee's motion for summary judgment. On March 29, 1999, the trial court granted appellee's motion for summary judgment.
Appellant appeals the trial court's granting of summary judgment, asserting the following assignments of error:
 I. The Trial Court improperly granted summary judgment and erred when it ruled on the motion referring only to the caption of the complaint, without reference to the body of the complaint.
 II. The Trial Court improperly granted summary judgment when it ruled on the motion without informing the appellant (nonmoving party) of a date the Motion for Summary Judgment would be deemed submitted for resolution.
We must first address an issue not raised by either party. Appellant failed to file any response to appellee's motion for summary judgment in the trial court. A fundamental rule of appellate review is that a reviewing court will not consider as error any issue that a party was aware of but failed to bring to the trial court's attention. Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 210. Thus, a party has waived the right to contest an issue on appeal if that issue was in existence prior to, or at the time of, trial and the party did not raise it at the appropriate time in the court below. Little Forest Med. Ctr. ofAkron v. Ohio Civ. Rights Comm. (1993), 91 Ohio App.3d 76, 80. More specifically, a party who does not respond to an adverse party's motion for summary judgment may not raise issues on appeal that should have been raised in a response to the motion for summary judgment. Maust v. Meyers Products, Inc. (1989), 64 Ohio App.3d 310,313-314; Schlack v. CSX Transp., Inc. (Feb. 5, 1996), Warren App. No. CA95-09-092, unreported; see, also, Bradley v.Kijauskus (Mar. 26, 1998), Cuyahoga App. No. 72481, unreported (failure to raise issue in any responsive pleading to a summary judgment waives the issue for appellate purposes); Calabris v.Pfieffer (Feb. 7, 1997), Ashtabula App. No. 96-A-0038, unreported;Bank One, Columbus, N.A. v. Adams (Mar. 18, 1993), Franklin App. No. 92AP-1413, unreported (1993 Opinions 883). Thus, because appellant failed to file any response to appellee's motion for summary judgment in the trial court, any arguments that could have been raised at that time should be considered waived upon appeal to this court.
However, appellant argues in his second assignment of error that he was precluded from responding to the motion for summary judgment with an affidavit because the trial court granted the summary judgment before the expiration of twenty-eight days as required by Loc.R. 21.01. We find appellant's argument unpersuasive. Loc.R. 21.01 provides:
 * * * The opposing counsel or a party shall serve any answer brief on or before the 14th day after the date of service as set forth on the certificate of service attached to the served copy of the motion. * * * On the 28th day after the motion is filed, the motion shall be deemed submitted to the Trial Judge. * * *
In the present case, appellee's motion was filed with the court on March 3, 1999. The trial court's decision was filed on March 29, 1999. Thus, only twenty-six days elapsed between the date the motion was filed and the date of the trial court's decision. Appellant admits that although he failed to file a brief in response within fourteen days, he had until the twenty-seventh day, March 30, 1999, to file a supporting affidavit pursuant to Civ.R. 56(C), which provides that "[t]he adverse party prior to the day of hearing may serve and file opposing affidavits." See, also, Loc.R. 57.01 and 57.02. Therefore, appellant contends that the trial court issued the decision one day before his deadline to submit affidavits and deprived him of the opportunity to file an affidavit on that day. Appellant asserts that "[i]f given the opportunity appellants [sic] contend a supporting affidavit could have been filed displaying the existence of a genuine issue for trial." (Emphasis added.)
Appellant's argument teeters on a hypothetical situation that clearly did not take place in the situation at bar. Appellant claims that he "could have" filed an affidavit on March 30, 1999. As appellee points out, a copy of the final judgment entry granting summary judgment was not mailed to appellant until March 30, 1999 and, at the earliest, arrived via mail to appellant the following day, March 31, 1999. The record is clear that appellant did not file an affidavit or any other response on March 30, 1999. Appellant was not aware that the trial court had filed the decision on March 29, 1999 until after such date, so appellant cannot claim that the trial court's decision precluded him from filing an affidavit on March 29, 1999. Simply, appellee did not file any response whatsoever to appellee's motion for summary judgment in any manner and cannot argue now that hypothetically he "could have." Further, appellant fails to indicate what evidence he could have presented in an affidavit that would have supported his position. Thus, any error by the trial court in rendering a decision before the expiration of twenty-eight days pursuant to Loc.R. 21.01 was harmless error.
Therefore, because appellant failed to file any response to appellee's motion for summary judgment, appellant has waived any arguments he could have raised in a response to the summary judgment, including the main issue raised in his first assignment of error that the trial court erred in finding that it did not have subject-matter jurisdiction to hear the appeal because the complaint did not state appellee's name in the notice of appeal. However, even if appellant's argument regarding the notice of appeal were properly before this court, it would fail under the circumstances of this case.
R.C. 4123.512 governs appeals to the courts of common pleas from decisions of the commission. The appealing party must file a notice of appeal within sixty days of the decision of the commission. R.C. 4123.512(A). "The notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the order appealed from, and the fact that the appellant appeals therefrom." R.C. 4123.512(B). Thirty days after the notice of appeal is filed, the claimant must file a petition showing that he has a cause of action. R.C. 4123.512(D).
The trial court acquires jurisdiction through the notice of appeal, pursuant to R.C. 4123.512(A), and the contents of the notice, as defined by R.C. 4123.512(B). The Supreme Court of Ohiohad held that the statutory provisions set forth in R.C. 4123.512
were jurisdictional and strict compliance therewith was mandatory.Starr v. Young (1961), 172 Ohio St. 317, 318. However, sinceStarr, the Supreme Court has softened its stance on this issue and has held that R.C. 4123.512 shall be liberally construed as required by R.C. 4123.95. See Mullins v. Whiteway Mfg. Co.
(1984), 15 Ohio St.3d 18.
The Supreme Court of Ohio has also stated that certain mitigating factors are to be considered when examining the sufficiency of a notice of appeal. "These factors include whether appellant has substantially complied with the statutory appeal provisions and whether the purpose of the unsatisfied provision is sufficiently important to require compliance for jurisdictional purposes." Wells v. Chrysler Corp. (1984), 15 Ohio St.3d 21, 23. In Wells, the Court concluded that "the purpose of a notice of appeal is to set forth the names of the parties and to advise those parties that an appeal of a particular claim is forthcoming." Id. at 24.
In Fisher v. Mayfield (1987), 30 Ohio St.3d 8, the Ohio Supreme Court reiterated its "substantial compliance" test, holding that the "jurisdictional requirements of [R.C. 4123.512] are satisfied by the filing of a timely notice of appeal which is in substantial compliance with the dictates of that statute." Id.
at paragraph one of the syllabus. The Supreme Court of Ohio further held that:
 Substantial compliance for jurisdictional purposes occurs when a timely notice of appeal filed pursuant to R.C. 4123.519 [now R.C. 4123.512] includes sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities.
Id. at paragraph two of the syllabus.
Thus, the issue in the present case is whether appellant's notice of appeal contained sufficient information, in intelligible form, to place on notice all parties to the proceeding that an appeal had been filed. We answer that question in the negative. Clearly, the notice of appeal contained the name of a corporation that was not appellee. It also appears from the record that the corporation named in the notice of appeal, CMH Aviation, was not a predecessor, successor, parent, or subsidiary of appellee, thereby negating any possible "implied" or "constructive notice" by appellees. Further, the statutory agent named in the notice of appeal is not and has never been the statutory agent for appellee. As a result, appellee never was served with the notice of appeal. Therefore, appellant's notice of appeal did not comply with Wells or Fisher in that it failed to place all parties on notice of its intent to appeal.
Although appellant cites numerous cases for the proposition that there may be "substantial compliance" with R.C.4123.512 even if a case caption is defective and omits one of the required items of information, none of the cases cited by appellant named an entirely different defendant that was wholly unrelated to the proper defendant. All of the cases cited by appellant relate to mere omissions of names, designations, or dates in the text or caption of the notice. More importantly, none of the cases cited by appellant failed to provide proper service of the notice of appeal and complaint to the defendant, as happened in this case.
We are mindful that R.C. 4123.95 provides for liberal construction of the Revised Code in favor of employees in workers' compensation cases; however, we must adhere to the Ohio Supreme Court's enunciation in Wells and Fisher that "the purpose of a notice of appeal is to set forth the names of the parties and to advise those parties that an appeal of a particular claim is forthcoming." Wells, at 24; see, also, Fisher, at paragraph two of the syllabus. In the present case, by failing to advise appellee that an appeal was forthcoming, the notice of appeal did not perform its specific purpose.
Accordingly, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and TYACK, JJ., concur.