OPINION
{¶ 1} Plaintiff-appellant International Brotherhood of Electrical Workers, Local Union No. 8 ("the Union") brings this appeal from the judgment of the Court of Common Pleas of Defiance County denying to the Union an award of attorney fees and court costs.
 {¶ 2} On October 4, 2002, the Union brought an action under R.C. 4115.16(B) alleging violations of Ohio prevailing wage law by defendant-appellee Stollsteimer Electric, Inc. ("Stollsteimer"). The complaint specifically requested attorney fees and court costs pursuant to R.C. 4115.16(D). On September 22, 2003, the Union filed its motion for summary judgment. Stollsteimer filed its brief in opposition to the motion on October 7, 2003. In its brief, Stollsteimer admitted unintentionally violating the statutes, but claimed that since the violations were unintentional, penalties should not apply. On September 7, 2004, the trial court granted summary judgment to the Union declaring that Stollsteimer had violated the prevailing wage laws. However, the trial court found genuine issues of material fact concerning whether those violations were intentional or unintentional and denied summary judgment on those matters. On July 1, 2005, the Union filed a second motion for summary judgment on its request for attorney fees and court costs among other remedies. The trial court then entered judgment for Stollsteimer finding that R.C. 4115.13(C) applies and precludes the award of attorney fees and court costs to the Union. The Union appeals from this judgment and raises the following assignment of error.
The trial court committed reversible error when, after findinga violation of the prevailing wage law, it refused to awardattorney fees and court costs to a prevailing interested party,ignoring the clear and unambiguous language of R.C. 4115.16(D).
 {¶ 3} The sole assignment of error questions whether an award of attorney fees and court costs is mandatory upon a trial court's judgment finding violations of R.C.4115.03 — 4115.16.[1] The standing of the Union to file this suit arises from R.C. 4115.16(D), which provides as follows.
(A) An interested party may file a complaint with the directorof commerce alleging a violation of [R.C. 4115.03 to 4115.16]. * * *
(B) If the director has not ruled on the merits of thecomplaint within sixty days after its filing, the interestedparty may file a complaint in the court of common pleas of thecounty in which the violation is alleged to have occurred. * * *The court's finding that a violation has occurred shall have thesame consequences as a like determination by the director. * * *
* * *
(D) Where, pursuant to this section, a court finds a violationof [R.C. 4115.03 to 4115.16], the court shall award attorney feesand court costs to the prevailing party. In the event the courtfinds that no violation has occurred, the court may award courtcosts and attorney fees to the prevailing party * * *.
The language of the statute is unambiguous providing for an award of attorney fees and court costs following judgment of violations of the prevailing wage laws. If an interested party, such as the Union, brings a complaint to enforce the wage laws and the court finds a violation occurred, the court is mandated to award attorney fees and court costs to the prevailing party. The statute does not differentiate whether the violations were intentional or unintentional. Instead, it just states that if a violation is found, court costs and attorney fees SHALL be awarded. Thus the trial court has no discretion in this matter.
 {¶ 4} Here, the Union brought the complaint as an interested party. The trial court granted summary judgment to the Union declaring that wage law violations had occurred. Specifically, the trial court held as follows.
(1) It is declared that [Stollsteimer] violated R.C. 4115.05by failing to provide proper notices to affected employees; and
 (2) It is declared that [Stollsteimer] violated [R.C.4115.071] by failing to submit proper payroll reports; and
 (3) It is declared that [Stollsteimer] violated [R.C. 4115.10]by failing to pay the required prevailing rate of wages; * * *.
Sept. 7, 2004, Judgment Entry, 5. Since violations were found, the trial court was required to award attorney fees and court costs to the Union as prevailing party under R.C. 4115.16(D).
 {¶ 5} The question next raised is whether the provisions of R.C. 4115.13(C) provide an exception to the requirements of R.C.4115.16(D). R.C. 4115.13(C) states as follows.
(C) If any underpayment by a contractor or subcontractor wasthe result of a misinterpretation of the statute, or an erroneouspreparation of the payroll documents, the director or designatedrepresentative may make a decision ordering the employer to makerestitution to the employees, or on their behalf, the plans,funds, or programs for any type of fringe benefits described inthe applicable wage determination. In accordance with the findingof the director that any underpayment was the result of amisinterpretation of the statute, or an erroneous preparation ofthe payroll documents, employers who make restitution are notsubject to any further proceedings pursuant to sections 4115.03to 4115.16 of the Revised Code.
R.C. 4115.13(C). The language of this statute merely states that if the director on a complaint presented to that officer finds the violation to be unintentional and the employer makes restitution, no further proceedings, such as a civil suit, can be brought against the employer. The statute does not state, nor does it imply, that the employer will not be liable for the costs of trial court proceedings brought under the statute when the director has not acted. Thus, there is nothing in the language of R.C. 4115.13(C) that would exclude the costs to be awarded under R.C. 4115.16(D).
 {¶ 6} Stollsteimer argues that it should not be liable for the attorney fees of the Union because the Union is responsible for prolonging the lengthy proceedings, thus incurring unnecessary attorney fees and costs. If that allegation were proven, it would affect the reasonableness of the amount of attorney fees and costs, not the trial court's obligation to award some fees and the costs. No hearing has been held to date to determine the appropriate amount of the attorney fees to be awarded. Thus, this argument is not properly before this court on this appeal.
 {¶ 7} The assignment of error is sustained. The judgment of the Court of Common Pleas of Defiance County is reversed and the matter is remanded for further proceedings.
Judgment Reversed and Cause Remanded.
 Rogers and Shaw, J.J., concur.
[1] This court notes that this is an issue of first impression in this district as well as the state.