INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS, LOCAL UNION NO. 8, Appellant,

v.

STOLLSTEIMER ELECTRIC, INC., Appellee.

[Cite as *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Stollsteimer Elec., Inc.*, 168 Ohio App.3d 238, 2006-Ohio-3865.]

Court of Appeals of Ohio,
Sixth District, Fulton County.

No. F–05–025.

Decided July 28, 2006.

---

Joseph M. D'Angelo, for appellant.

David S. Farkas, for appellee.

PIETRYKOWSKI, Judge.

{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common Pleas in an action filed by plaintiff-appellant, International Brotherhood of Electrical Workers, Local Union No. 8, for violations of Ohio's prevailing-wage law. In the judgment from which the union appeals, the lower court denied its request for attorney fees and court costs after finding that defendant-appellee,

Stollsteimer Electric, Inc. had violated various provisions of the prevailing-wage law. From that judgment, the union assigns the following errors:

{¶ 2} "1. The trial court committed reversible error when, after finding a violation of the prevailing wage law, it refused to award attorney fees and court costs to a prevailing interested party, ignoring the clear and unambiguous language of R.C. 4115.16(D).

{¶ 3} "2. The trial court exceeded its jurisdictional authority under R.C. 4115.16(B) when it invoked R.C. 4115.13(C) to afford relief other than to injured persons, thereby denying the relief specified in R.C. 4115.10(A).

{¶ 4} "3. The trial court committed reversible error when it refused to order penalties as part of the relief specified in R.C. 4115.10(A)."

{¶ 5} The relevant and undisputed facts of this case are as follows. In late 2001 and early 2002, Stollsteimer performed electrical work on a job called the Swancreek Township Offices Project, in Delta, Ohio. Because the project was a public improvement, it was subject to Ohio's prevailing-wage law, R.C. 4115.03 to 4115.16. On April 25, 2003, the union, as an interested party under R.C. 4115.03(F), filed a prevailing-wage complaint with the Ohio Department of Commerce, alleging that Stollsteimer had violated numerous provisions of the prevailing-wage law on the project. The director of commerce did not rule on the merits of the complaint within 60 days of its filing and so, pursuant to R.C. 4115.16(B), the union was authorized to pursue its action in common pleas court.

{¶ 6} On June 26, 2003, the union filed its complaint against Stollsteimer in the court below. The complaint alleged that Stollsteimer had violated the prevailing-wage law by failing to pay its employees on the project the prevailing wage, failing to prepare certified payroll reports enumerating each employee's fringe-benefit payments, and misclassifying employees working on the project as apprentices. The union further alleged that Stollsteimer's violations of the prevailing-wage law were intentional. The union then sought declaratory and injunctive relief, restitution to the affected employees in the form of back pay and statutory penalties, statutory penalties to be paid to the director of commerce, and attorney fees and costs pursuant to R.C. 4115.16(D).

{¶ 7} Upon the parties' filing of cross-motions for summary judgment, the lower court concluded that defendant-appellee, Stollsteimer Electric, Inc., had violated the prevailing-wage law by failing to provide proper notices to affected employees, failing to submit proper payroll reports, and failing to pay the required prevailing rate of wages. The court then ordered Stollsteimer to pay the two affected employees the difference between the fixed rate of wages and the amount actually paid to those employees in the aggregate total of $2,459.98. It is noteworthy that the conclusions reached by the court were primarily based

on Stollsteimer's admission of those violations. Indeed, from the filing of the complaint in the court below, Stollsteimer admitted that it was required to pay the prevailing rate of wages on the project and was obligated to comply with Ohio's prevailing-wage law. Thereafter, in the early stages of discovery, Peggy Stollsteimer, the vice president and secretary of Stollsteimer and the employee responsible for bookkeeping, admitted that Stollsteimer had violated various provisions of the prevailing-wage law. Stollsteimer argued, however, that its violations were unintentional. Upon consideration, the court determined that whether Stollsteimer's violations were intentional was a remaining question of fact, and reserved that issue for determination at a trial.

{¶ 8} Shortly thereafter, however, the parties filed a stipulation of partial dismissal in which they agreed to the dismissal of the union's claim that Stollsteimer's violations of the prevailing-wage law were intentional. The parties further agreed, with the court's consent, that the issues regarding the applicability of R.C. 4115.13(C) and the imposition of penalties and attorney fees would be briefed on summary judgment.

{¶ 9} The parties filed their summary judgment motions on the fees and penalties issues, and on September 13, 2005, the lower court issued a judgment entry on those issues. The court concluded that because Stollsteimer's actions in violating the prevailing-wage law were unintentional, Stollsteimer was not required to pay attorney fees, costs, and penalties as a matter of law. The court based its decision on the "safe harbor" provision of R.C. 4115.13(C). The union now challenges that decision on appeal.

{¶ 10} Because appellant's assignments of error are related, we will discuss them together. Appellant contends that the trial court erred in concluding as a matter of law that because Stollsteimer's violations of the prevailing-wage law were unintentional, it was not required to pay attorney fees, court costs, and penalties.

{¶ 11} Ohio's prevailing-wage law is set forth in R.C. 4115.03 to 4115.16. Under the law, a labor organization is considered an "interested party," R.C. 4115.03(F), and as such may institute proceedings to seek redress when it perceives that a violation of the prevailing-wage law has occurred. The procedure that the interested party must follow is set forth in R.C. 4115.16:

{¶ 12} "(A) An interested party may file a complaint with the director of commerce alleging a violation of sections 4115.03 to 4115.16 of the Revised Code. The director, upon receipt of a complaint, shall investigate pursuant to section 4115.13 of the Revised Code. If the director determines that no violation has occurred or that the violation was not intentional, the interested party may appeal the decision to the court of common pleas of the county where the violation is alleged to have occurred.

{¶ 13} "(B) If the director has not ruled on the merits of the complaint within sixty days after its filing, the interested party may file a complaint in the court of common pleas of the county in which the violation is alleged to have occurred. * * * Contemporaneous with service of the complaint, the interested party shall deliver a copy of the complaint to the director. Upon receipt thereof, the director shall cease investigating or otherwise acting upon the complaint filed pursuant to division (A) of this section. The court in which the complaint is filed pursuant to this division shall hear and decide the case, and upon finding that a violation has occurred, shall make such orders as will prevent further violation and afford to injured persons the relief specified under sections 4115.03 to 4115.16 of the Revised Code. The court's finding that a violation has occurred shall have the same consequences as a like determination by the director. * * *

{¶ 14} " * * *

{¶ 15} "(D) Where, pursuant to this section, a court finds a violation of sections 4115.03 to 4115.16 of the Revised Code, the court shall award attorney fees and court costs to the prevailing party. In the event the court finds that no violation has occurred, the court may award court costs and attorney fees to the prevailing party * * * where the court finds the action brought was unreasonable or without foundation, even though not brought in subjective bad faith."

{¶ 16} Accordingly, the statute provides that upon a court's finding that a violation of the prevailing-wage law has occurred, the court *shall* award attorney fees and court costs to the prevailing party. The Third District Court of Appeals, the only court in this state to rule on this issue to date, has held that "[t]he language of the statute is unambiguous providing for an award of attorney fees and court costs following judgment of violations of the prevailing wage laws." *Internatl. Bhd. of Electrical Workers v. Stollsteimer Elec., Inc.,* 3d Dist. No. 4–05–29, 2005-Ohio-6866, 2005 WL 3526684, at ¶ 3. As the Third District noted, once a court determines that a violation has occurred, the court is mandated to award attorney fees and court costs, and the statute does not differentiate between intentional and unintentional violations. Id. We agree with this interpretation of the statute.

{¶ 17} Nevertheless, we further note that "where a court is empowered to award attorney fees by statute, the amount of such fees is within the sound discretion of the trial court." *Brooks v. Hurst Buick–Pontiac–Olds–GMC, Inc.* (1985), 23 Ohio App.3d 85, 91, 23 OBR 150, 491 N.E.2d 345. See, also, *Bittner v. Tri–County Toyota, Inc.* (1991), 58 Ohio St.3d 143, 146, 569 N.E.2d 464. Indeed, in the recent prevailing-wage law case of *Vaughn Industries, Inc. v. Dimech Servs.,* 6th Dist. No. WD–05–039, 2006-Ohio-3381, 2006 WL 2242859, we remanded the case to the trial court for a redetermination of the attorney fees due the

plaintiff after we held that the trial court erred in finding that the defendant violated R.C. 4115.071 but did not err in finding that the defendant violated R.C. 4115.05.

{¶ 18} We therefore find appellant's first assignment of error well taken.

{¶ 19} The statute further provides, however, that upon finding that a violation has occurred, the court *shall* afford to injured persons the relief specified in R.C. 4115.03 to 4115.16 and that the court's finding that a violation has occurred *shall* have the same consequences as a like determination by the director. R.C. 4115.16(B). R.C. 4115.10(A) sets forth the general penalties for violations of the prevailing-wage law as follows: "Any employee upon any public improvement, except an employee to whom or on behalf of whom restitution is made pursuant to division (C) of section 4115.13 of the Revised Code, who is paid less than the fixed rate of wages applicable thereto may recover from such person, firm, corporation, or public authority that constructs a public improvement with its own forces the difference between the fixed rate of wages and the amount paid to the employee and in addition thereto a sum equal to twenty-five per cent of that difference. The person, firm, corporation, or public authority who fails to pay the rate of wages so fixed also shall pay a penalty to the director of seventy-five per cent of the difference between the fixed rate of wages and the amount paid to the employees on the public improvement."

{¶ 20} The R.C. 4115.13(C) exclusion referred to in R.C. 4115.10(A) addresses determinations of unintentional conduct by the director of commerce and reads: "If any underpayment by a contractor or subcontractor was the result of a misinterpretation of the statute, or an erroneous preparation of the payroll documents, the director * * * may make a decision ordering the employer to make restitution to the employees, or on their behalf, the plans, funds, or programs for any type of fringe benefits described in the applicable wage determination. In accordance with the finding of the director that any underpayment was the result of a misinterpretation of the statute, or an erroneous preparation of the payroll documents, employers who make restitution are not subject to any further proceedings pursuant to sections 4115.03 to 4115.16 of the Revised Code." This is the provision on which the trial court relied in holding that because Stollsteimer's violations of the prevailing-wage law were unintentional, Stollsteimer did not owe court costs, attorney fees, or penalties. In our view, however, the trial court's interpretation of this statute was erroneous.

{¶ 21} R.C. 4115.13(C), when read in pari materia with the other provisions of the prevailing-wage law, clearly applies only to those situations in which the *director of commerce* has made a finding that an underpayment of wages was the result of a misinterpretation of the prevailing-wage law or an erroneous preparation of payroll documents *and* the employer who made the mistake has made

restitution for its error. In the present case, the director made no such finding. Rather, the director failed to rule on the merits of the complaint within 60 days of the filing of the complaint. Accordingly, the union was authorized to file a complaint in the common pleas court pursuant to R.C. 4115.16(B), and the director was thereby divested of any authority to act on the matter. R.C. 4115.16(B).

{¶ 22} R.C. 4115.10(A) clearly enumerates penalties to be assessed against entities who have violated the prevailing-wage law. The only exception to this rule is that when the director of commerce makes a finding that the underpayment of wages was the result of a misinterpretation of the prevailing-wage law or an erroneous preparation of payroll documents and the entity who made the mistake has made restitution, the entity is exempt from the penalty provision requiring it to pay to the employee 25 percent of the difference between the fixed rate of wages and the amount paid to the employee. R.C. 4115.10(A) does not exempt the offending entity from the penalty it is required to pay to the director.

{¶ 23} Accordingly, we must conclude that the trial court erred in failing to assess statutory penalties on Stollsteimer upon its finding that Stollsteimer violated the prevailing-wage law, and the second and third assignments of error are well taken.

{¶ 24} On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Fulton County Court of Common Pleas is reversed. This case is remanded to that court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.

Judgment reversed
and cause remanded.

HANDWORK and PARISH, JJ., concur.