[Cite as *United Assn. of Journeymen & Apprentices of the Plumbing & Pipefitting Indus., Local Union No. 776 v. Jack's Heating, Air Conditioning, & Plumbing*, 2011-Ohio-167.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HARDIN COUNTY

UNITED ASSOCIATION OF
JOURNEYMEN AND
APPRENTICES OF THE PLUMBING
AND PIPE FITTING INDUSTRY,
LOCAL UNION NO. 776,

                                               CASE NO. 6-10-11

      PLAINTIFF-APPELLANT,
      CROSS-APPELLEE,

      v.

JACK'S HEATING, AIR                 O P I N I O N
CONDITIONING & PLUMBING, INC.,

      DEFENDANT-APPELLEE,
      CROSS-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. CVH 20081164

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision: January 18, 2011

APPEARANCES:

     *William E. Clark*   for Cross-Appellant

     *Joseph M. D'Angelos*   for Cross-Appellee

**PRESTON, J.**

{¶1} Cross-appellant, Jack's Heating, Air Conditioning, and Plumbing, Inc. (hereinafter "Jack's"), appeals the Hardin County Court of Common Pleas' grant of summary judgment in favor of Appellant/cross-appellee, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local Union No. 776 (hereinafter "Local 776"), on its prevailing wage complaint. Plaintiff-appellant, Local 776, appeals the decision of the Hardin County Court of Common Pleas not to award it reasonable attorney fees and costs after successfully bringing its prevailing wage complaint. For the reasons that follow, we affirm the trial court's grant of summary judgment in favor of Local 776 and reverse the trial court's decision not to award Local 776 reasonable attorney fees and costs for bringing the action.

{¶2} The Hardin County Commissioners awarded Jack's with a contract for the Hardin County Jacob Parrott Safety and Security Center Project, a project for which contractors were required to pay prevailing wages pursuant to R.C. 4115.03 to 4115.16 and O.A.C. 4101:9-4-01 to 4101:9-4-28. (See Complaint, Doc. No. 1).

{¶3} On or about March 25, 2008, Local 776 filed an interested party administrative complaint under R.C. 4115.16(A) with the Director of the Ohio Department of Commerce, Division of Labor and Workers' Safety, Bureau of

Wage and Hour (hereinafter "Director") asserting that Jack's violated the prevailing wage laws. (Id., Ex. 1, attached). The Director failed to make a final ruling on the merits of the administrative complaint within sixty (60) days, so Local 776 filed a complaint in the Hardin County Court of Common Pleas on May 28, 2008. (Doc. No. 1).

{¶4} On June 20, 2008, Jack's filed a motion for an extension to answer or otherwise plead in the case, which the trial court granted. (Doc. Nos. 5-6). On July 22, 2008, Jack's filed an answer denying the complaint's allegations and asserting several affirmative defenses. (Doc. No. 7).

{¶5} On November 25, 2009, after discovery, Local 776 filed a motion for summary judgment asserting that Jacks had violated: (1) R.C. 4115.05 and O.A.C. 4101:9-4-14 by subcontracting portions of its contract without contractually binding the subcontractors to comply with the prevailing wage laws; (2) R.C. 4115.05 and O.A.C. 4101:9-4-13(A)(4) by failing to timely provide its employees with written notice of their job classifications and wage rates; (3) R.C. 4115.05 and O.A.C. 4101:9-3-13 by failing to provide its employees with written notice of the identity of the prevailing wage coordinator; (4) R.C. 4115.07 and O.A.C. 4101:9-4-13(A)(3) by failing to post a schedule of the prevailing wage rates at the job site; (5) R.C. 4115.07(C) and O.A.C. 4101:9-4-13 by failing to deliver a schedule of its pay rates to the public authority; (6) R.C. 4115.071(C)

and O.A.C. 4101:9-4-06(B) by failing to exhibit on their certified payroll reports employee job classifications, employee fringe benefit deductions, and the employee's total hours worked on all projects; (7) R.C. 4115.07 and O.A.C. 4101:9-4-21(A)(c) by failing to maintain full and accurate payroll records demonstrating vacation, sick, and holiday pay; (8) R.C. 4115.07 by failing to file a final affidavit of compliance with the contracting public authority; and (9) R.C. 4115.10 and associated regulations by failing to pay prevailing wages. (Doc. No. 33).

{¶6} On December 30, 2009, Jack's filed its response to Local 776's motion for summary judgment generally denying Local 776's allegations that it had violated the prevailing wage laws and challenging the accuracy of Local 776's exhibits in support of its motion for summary judgment. (Doc. No. 37). Jack's also alleged in its conclusion paragraph that the trial court should not consider evidence regarding payroll after the date Local 776 filed its original complaint (March 25, 2008) pursuant to Civ.R. 15(E). On January 29, 2010, Local 776 filed its reply to Jack's response. (Doc. No. 38).

{¶7} On July 9, 2010, the trial court granted Local 776's motion for summary judgment finding first that it had jurisdiction to hear and decide all of Local 776's alleged violations, even those occurring subsequent to the filing of the complaint. (Doc. No. 39). The trial court found that Local 776 met its burden of

demonstrating that Jack's committed eight (8) prevailing wage law violations, and the trial court found that Jack's failed to meet its reciprocal burden of demonstrating a genuine issue for trial. (Id.). The trial court found that Jack's "generally asserted, without any evidence to support the assertions, that its violations were harmless and that it intended to comply with the Prevailing Wage law." (Id.). The trial court then stated that Local 776 was entitled to reasonable attorney fees and costs in bringing the action; however, the trial court struck language appearing later in the judgment entry requiring Jack's to pay attorney fees and costs. (Id.).

{¶8} On July 28, 2010, Local 776 filed its notice of appeal. (Doc. No. 40). On August 9, 2010, Jack's filed a notice of cross-appeal. The matter was originally assigned to this Court's accelerated calendar until we received notice that Jack's filed a cross-appeal. (Aug. 5, 2010 JE); (Aug. 23, 2010 JE). The matter has been reassigned to this Court's regular calendar. (Aug. 23, 2010 JE). For ease of our discussion, we elect to address Jack's cross-appeal first, beginning with Jack's third assignment of error. We also elect to combine Jack's first and second assignments of error.

### JACK'S ASSIGNMENT OF ERROR NO. III

**THE TRIAL COURT ERRED IN EXERCISING JURISDICTION OVER ISSUES THAT AROSE FOLLOWING THE SUBMISSION OF THE COMPLAINST [SIC] AGAINST JACK'S HEATING AND AIR.**

**{¶9}** In its third assignment of error, Jack's argues that the trial court erred by finding that Local 776's civil complaint was filed after the completion of the project. Jack's further argues that the trial court lacked jurisdiction over claims that occurred subsequent to May 28, 2008, the date Local 776 filed its civil complaint, since Local 776 failed to file a supplemental pleading pursuant to Civ.R. 15(E) alleging the additional prevailing wage law violations.

**{¶10}** As an initial matter, Jack's argued in its response to the motion for summary judgment that Civ.R. 15(E) was applicable to the *administrative* complaint, not the civil complaint, as they now argue on appeal; and therefore, Jack's has waived any argument relative to the civil complaint on appeal. *Maust v. Meyers Products, Inc.* (1989), 64 Ohio App.3d 310, 313, 581 N.E.2d 589. With respect to Jack's argument in the trial court, the Court of Appeals for the Sixth Appellate District has found that the Ohio Rules of Civil Procedure do *not* apply to prevailing wage complaints filed with the director of commerce under R.C. 4115.16(A). *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaugh Industries, Inc.*, 156 Ohio App.3d 644, 2004-Ohio-1655, 808 N.E.2d 434, ¶43. Neither can we find plain error with the trial court ruling on all of the alleged prevailing wage law violations since Local 776's complaint provided Jack's with fair notice that Local 776 was pursuing all the prevailing wage law violations it discovered. See *DeVore v. Mutual of Omaha Ins. Co.* (1972), 32 Ohio App.2d 36,

38, 288 N.E.2d 202. See, also, Civ.R. 8(A)(1) (requiring "a short and plain statement of the claim showing that the party is entitled to relief"). Local 776 alleged in its complaint "* * * that [Jack's] failed to strictly comply with the requirements of R.C. 4115.03 *to* R.C. 4115.16 and O.A.C. 4101:9-4-01 *to* O.A.C. 4101:9-4-28 during its work on the Project, including *but not limited to* * * *" underpayments, misclassifications, and reporting violations in its certified payroll reports. (Doc. No. 1, ¶19) (emphasis added). Although the trial court incorrectly noted that Local 776's civil complaint was filed after the completion of the project when Local 776's civil complaint was actually filed during the project, we find this *factual* error to be harmless in light of the fact that Jack's had fair notice that Local 776 was pursuing all prevailing wage law violations. (July 9, 2010 JE, Doc. No. 39); (P's Ex. D). Therefore, we find Jack's argument regarding the trial court's ruling on all of Local 776's alleged violations meritless.

**{¶11}** Jack's third assignment of error is overruled.

**JACK'S ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT ERRED IN FINDING THE APPELLANTS [SIC] SUBMITTED EVIDENCE AS INSUFFICIENT TO CREATE AN ISSUE OF MATERIAL FACT.**

**JACK'S ASSIGNMENT OF ERROR NO. II**

**THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT.**

{¶12} In Jack's first assignment of error, it argues that the evidence it submitted in response to Local 776's motion for summary judgment created a genuine issue of material fact as to whether Jack's paid its employees prevailing wages.

{¶13} In its second assignment of error, Jack's argues that the trial court failed to construe the evidence in its favor and acknowledge conflicting evidence within the record. Jack's further argues that the trial court made findings of fact when it determined the amount of damages.

{¶14} We review a decision to grant summary judgment de novo. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243. Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the nonmoving party, and the conclusion is adverse to the nonmoving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 219, 631 N.E.2d 150.

{¶15} A party seeking summary judgment under Civ.R. 56(C) bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.

*Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The moving party's initial burden is not met by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Id. Rather, the moving party must specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. Id. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. Id. "[A]n adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Id., quoting Civ.R. 56(E).

{¶16} The trial court in this case found that Local 776 had "met its burden under Civ.R. 56(C) by adequately supporting its motion with evidence showing that Jack's violated Ohio's Prevailing Wage Law by failing to comply with its minimum wage, reporting, posting, and notice requirements." (July 9, 2010 JE, Doc. No. 39). On the other hand, the trial court found that Jack's had failed to meet its reciprocal burden of presenting affirmative evidence that it had complied with the prevailing wage laws. (Id.). The trial court found that Jack's asserted, without any evidentiary support, that its violations were harmless and that it intended to comply with the prevailing wage laws. (Id.). The trial court concluded

that summary judgment in Local 776's favor was appropriate since Jack's failed to meet its reciprocal summary judgment burden. We agree with the trial court that Jack's failed to meet its reciprocal summary judgment burden; and therefore, summary judgment in Local 776's favor was appropriate.

{¶17} In support of its motion for summary judgment, Local 776 pointed to several exhibits, including Jack's employee time sheets, prevailing wage notifications, certified payroll reports, a letter evidencing a subcontract between Jack's and Vulcan Enterprises, Inc., as well as the deposition of Steve Wenner, the president and owner of Jack's. Local 776 also noted in its motion for summary judgment that Wenner admitted to several prevailing wage law violations during his deposition, including: failing to properly and timely notify his employees of the identity of the prevailing wage coordinator in violation of R.C. 4115.05 and O.A.C. 4101:9-4-13 (Wenner Depo. at 16-17); failing to post a schedule of the prevailing wage rates at the job site in violation of R.C. 4115.07 and O.A.C. 4101:9-4-13(A)(3) (Id. at 18); failing to provide the required information on the certified payroll reports in violation of 4115.071(C) and O.A.C. 4101:9-4-06(B) (Id. at 23, 37); and failing to file a schedule of pay dates with the public authority in violation of R.C. 4115.071(C) and O.A.C. 4101:9-4-13 (Id. at 40-41). Aside from that, the record indicates that Jack's failed to provide its employees with timely written notification of their job classifications and prevailing wage rate in

violation of R.C. 4115.05 and O.A.C. 4101:9-4-13(A)(4). (P's Exs. A, 1, 2). Local 776 pointed out that Jack's repeatedly failed to produce during discovery any evidence that it had provided a final affidavit of compliance with the public authority as required by R.C. 4115.07. Local 776 also argued that Jack's failed to maintain records demonstrating that it had, in fact, paid fringe benefits, vacation pay, sick pay, or holiday pay as required by R.C. 4115.07 and O.A.C. 4101:9-4-21. Finally, Local 776 attached to its motion for summary judgment a table evidencing $6,881.17 in underpayments to Jack's employees in violation of R.C. 4115.10. (Doc. No. 33).

{¶18} In its response to the motion for summary judgment, Jack's, without pointing to evidence in the record, generally denied Local 776's allegation that it had not paid prevailing wages. (Doc. No. 37). Jack's president and owner, Wenner, averred in an attached affidavit that Local 776's table calculating underpayments was inaccurate since Local 776 only subtracted the health insurance fringe benefit, but did not subtract holiday, sick, and vacation pay. (Doc. No. 37, attached). Wenner further averred that Local 776's table did not account for work that was done off-site for which prevailing wages are not required. (Id.). With regard to Local 776's remaining allegations, Jack's argued that the trial court should not rule upon these issues since Local 776 had not supplemented its original administrative complaint. (Doc. No. 37). Jack's did refute Local 776's

allegation that the prevailing wage laws require any subcontracts to have a specific contract provision charging the subcontractor to comply with the prevailing wage laws. (Id). However, Jack's admitted that it had made a "clerical mistake" and failed to provide the correct identity of the prevailing wage coordinator for the first two weeks of work. (Id.). Jack's further admitted that it had failed to post a schedule of the prevailing wage rates at the jobsite, though it claimed that the employees suffered no harm from this oversight. (Id.). Jack's also maintained that it thought it was complying with all the reporting requirements on its certified payroll reports. (Id.).

{¶19} Upon review of the record, we conclude that the trial court did not err in granting summary judgment in Local 776's favor. To begin with, Jack's admitted to several prevailing wage law violations. Furthermore, Jack's response to Local 776's motion for summary judgment was essentially a general denial of Local 776's allegations, which is insufficient to create a question of material fact for trial. *Burt*, 75 Ohio St.3d at 293, quoting Civ.R. 56(E). Finally, several of Jack's prevailing wage violations are evident from the documents in the record, while other violations are evident from the fact that Jack's failed to provide documents during discovery demonstrating compliance with the prevailing wage law. Since Jack's failed to meet its reciprocal Civ.R. 56(E) summary judgment burden, the trial court did not err in granting Local 776 summary judgment.

**{¶20}** Jack's first and second assignments of error are, therefore, overruled.

## LOCAL 776'S ASSIGNMENT OF ERROR

**IN AN R.C. 4115.16(B) INTERESTED PARTY PREVAILING WAGE ENFORCEMENT ACTION, A TRIAL COURT COMMITS REVERSIBLE ERROR WHEN IT REFUSES TO AWARD COSTS AND ATTORNEYS' FEES TO THE PLAINTIFF UPON FINDING VIOLATIONS OF THE PREVAILING WAGE LAW PURSUANT TO R.C. 4115.16(D).**

**{¶21}** In its sole assignment of error, Local 776 argues that the trial court erred by refusing to grant it costs and reasonable attorney fees after it found that Jack's had violated the prevailing wage laws. We agree.

**{¶22}** R.C. 4115.16(D) provides, in pertinent part, "[w]here, pursuant to this section, a court finds a violation of sections 4115.03 to 4115.16 of the Revised Code, the court *shall* award attorney fees and court costs to the prevailing party." (Emphasis added). In *Internatl. Bhd. of Elec. Workers v. Stollsteimer Elec., Inc.*, we interpreted this portion of R.C. 4115.16(D) as follows:

> **The language of the statute is unambiguous providing for an award of attorney fees and court costs following judgment of violations of the prevailing wage laws. If an interested party, such as the Union, brings a complaint to enforce the wage laws and the court finds a violation occurred, the court is mandated to award attorney fees and court costs to the prevailing party. The statute does not differentiate whether the violations were intentional or unintentional. Instead, it just states that if a violation is found, court costs and attorney fees SHALL be awarded. Thus the trial court has no discretion in this matter.**

3d Dist. No. 4-05-29, 2005-Ohio-6866, ¶3 (emphasis in original).

**{¶23}** Here, the trial court's opinion acknowledged our decision in *Stollsteimer* and stated that Local 776 was entitled to attorney fees and costs in the matter. (July 9, 2010 JE, Doc. No. 39). However, the trial court struck from its judgment entry the order language stating that Jack's shall pay Local 776's reasonable attorney fees and costs. (Id.). Therefore, the trial court erred by failing to *actually* award Local 776 its reasonable attorney fees and costs as it was required to do under R.C. 4115.16(D). *Stollsteimer*, 2005-Ohio-6866.

**{¶24}** Local 776's assignment of error is, therefore, sustained.

**{¶25}** Having found no error prejudicial to the defendant-appellee/cross-appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court with regard to Jack's assignments of error. However, having found error prejudicial to the plaintiff-appellant/cross-appellee herein in the particulars assigned and argued, we reverse the judgment of the trial court with regard to Local 776's assignment of error and remand for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**ROGERS, P.J., and WILLAMOWSKI, J., concur.**

**/jlr**