DECISION AND JUDGMENT ENTRY
{¶ 1} James Nelson Morris ("Father") appeals the Meigs County Court of Common Pleas' decision ordering him to pay child support. Father asserts that the trial court erred in issuing an order of child support when he is permanently and totally disabled and Supplemental Security Income ("SSI") is his only source of income. Because a trial court abuses its discretion in ordering child support when the parent's only source of income is SSI, we agree. Accordingly, we sustain Father's assignment of error and reverse the judgment of the trial court.
 I. {¶ 2} Father and Annetta Dee Morris ("Mother") married in 1983, had a daughter in 1984, and divorced in 1985. Father became legally blind before he married Mother, and was never able to work during or after their marriage. In the divorce decree, the trial court determined that Father was disabled and stated that "the issue of child support shall be held in abeyance until such time as there is a material change of circumstances * * *."
 {¶ 3} No other child support motions or orders were filed in the case until August of 2002, when the Meigs County Child Support Enforcement Agency ("CSEA") filed a motion to modify Father's support obligation. The CSEA asked the court to order Father to pay fifty-one dollars monthly through the time of his daughter's emancipation. The trial court held a hearing on the motion. Father appeared at the hearing with counsel, counsel for the CSEA appeared, and Mother appeared pro se. The parties do not dispute that Father is permanently and totally disabled due to blindness and that his only source of income is SSI. Additionally, the parties do not dispute that the daughter's emancipation upon her graduation from high school is anticipated within a year.
 {¶ 4} The trial court ordered Father to pay child support in the amount of fifty dollars per month, plus poundage, for a total of fifty-one dollars per month. Father requested findings of fact and conclusions of law. The trial court issued findings, wherein it found that a change of circumstances occurred when the General Assembly enacted R.C. 3113.215, which created a presumed minimum child support obligation. The court further found, because R.C. 3113.215 permits it to issue a monthly child support order, that under the circumstances its child support order is proper.
 {¶ 5} Father appeals, asserting the following assignments of error: "1. The trial court erred in ordering a permanently and totally disabled blind obligor, whose only source of subsistence is Supplemental Security Income, to pay $50.00 per month in child support. 2. The trial court erred in granting a motion to modify child support without a substantial change in circumstances since the time of the last order as required by relevant legal authority other than the enactment of new child support guidelines."
 II. {¶ 6} In his first assignment of error, Father asserts that the trial court erred in ordering him to pay child support when SSI is his only source of income.
 {¶ 7} The allocation of parental rights and responsibilities, including the issuance of child support, is within the trial court's sound discretion. Booth v. Booth (1989), 44 Ohio St.3d 142; see, also,Miller v. Miller (1988), 37 Ohio St.3d 71, 73-74; Bechtol v. Bechtol
(1990), 49 Ohio St.2d 21, 23. An abuse of discretion involves more than an error of judgment; it implies an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, we will not substitute our judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138; Berkv. Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 8} We note at the outset that R.C. 3113.215, which the CSEA cites in its brief to this court and which the trial court relied upon in its findings of fact and conclusions of law, was repealed effective March 22, 2001, prior to the CSEA's motion. See Section 2, Am.Sub.S.B. 180;Mays v. Mays, Ross App. No. 01CA2585, 2001-Ohio-2474. However, current R.C. 3119.01 et seq., which is applicable to this case, contains substantially similar provisions relevant to our analysis here.
 {¶ 9} R.C. 3119.06 provides, "[e]xcept as otherwise provided in this section * * * the court shall issue a minimum child support order requiring the obligor to pay a minimum of fifty dollars a month." The statute further provides that, under circumstances such as "the nonresidential parent's medically verified or documented physical or mental disability," the court may decline to issue a minimum support order. Id. See, also, former R.C. 3113.215(B)(7)(a). Pursuant to R.C.3119.01(C)(7)(a), benefits received from means-tested public assistance programs, such as SSI disability assistance, is not considered part of a parent's gross income for purposes of calculating child support. See, also, former R.C. 3113.215(A)(2)(a).
 {¶ 10} In Ross v. Ross (Aug. 10, 1999), Ross App. No. 97CA2383, we considered the combined effect of former R.C. 3113.215(B)(7)(a) and R.C.3113.215(A)(2)(a) upon a nonresidential parent whose sole source of income was SSI income. We concluded that ordering a parent to pay child support "when the parent's `total annual gross income' is zero and the parent's only source of support is SSI is an abuse of discretion."
 {¶ 11} The CSEA does not recognize that the statutes relating to SSI income and minimum child support have changed, let alone argue that they changed substantively, since our decision in Ross. In fact, the CSEA does not attempt to distinguish Ross from the present case on any basis. Rather, the CSEA merely argues that we should affirm the trial court's order because the parties anticipate that the daughter will become emancipated soon, and therefore Father's total obligation over the course of her minority will amount to only about $400. While a total obligation of only $400 over the course of a child's minority does seem insignificant, the CSEA did not file its motion until August of 2002. It is well established that a court may not retroactively modify child support prior to the date of the motion for modification. Murphy v.Murphy (1984), 13 Ohio App.3d 388, 389. The CSEA cannot make up for lost time now by seeking to justify the court's order with the fact that Father has not had a child support obligation during most of his daughter's minority.
 {¶ 12} Upon review, we find that our reasoning in Ross is sound. Relying upon the minimum support statute in order to require Father to pay child support, when his only income is SSI, circumvents the prohibition against SSI being included in income for purposes of calculating support. Id. Thus, we find that the trial court abused its discretion when it ordered Father to pay child support. Accordingly, we sustain Father's first assignment of error.
 {¶ 13} In his second assignment of error, Father asserts that the trial court erred in finding that a legislative action qualifies as a change of circumstances for purposes of determining whether a court may modify child support. Based upon our resolution of Father's first assignment of error, even if a legislative act constitutes a change of circumstances, the trial court erred in ordering child support. Therefore, Father's second assignment of error is moot, and we decline to address it. See App.R. 12(A)(1)(c).
 {¶ 14} Accordingly, we sustain Father's first assignment of error, decline to address his second assignment of error, and remand this matter to the trial court with instructions to enter judgment in favor of Father.
JUDEMENT REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee Meigs County Child Support Enforcement Agency.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Evans, P.J. and Abele, J.: Concur in Judgment and Opinion.