[Cite as *Tibbitts v. Tibbitts*, 2011-Ohio-5280.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96746**

## DAVID R. TIBBITTS

PLAINTIFF-APPELLEE

vs.

## LORI V. TIBBITTS

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. CV-317918

**BEFORE:**    Sweeney, J., Blackmon, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    October 13, 2011

**ATTORNEY FOR APPELLANT**

John V. Heutsche, Esq.
700 West St. Clair Avenue
Hoyt Block Building, Suite 220
Cleveland, Ohio 44113-1274

**ATTORNEY FOR APPELLEE**

Morton L. Kaplan, Esq.
1415 West Ninth Street, 2nd Floor
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶ 1} Lori V. Tibbitts ("Lori") appeals the court's failure to apply a set-off against attorney fees the court ordered her to pay to her ex-husband David R. Tibbitts ("David") in this post-decree divorce proceeding. After reviewing the facts of the case and pertinent law, we affirm.

{¶ 2} This appeal involves motions for contempt filed by both parties, which the court granted after adopting the magistrate's decision and overruling Lori's objections. The April 4, 2011 judgment entry ordered Lori to pay David $750 in attorney fees and ordered David to pay Lori $1,000 in attorney fees, among other expenses. Lori appeals raising two assignments of error.

{¶ 3} "I. The trial court erred as a matter of law by ordering separate payments to be made by each party when only one obligation actually exists. The trial court

should have set-off appellant's monetary obligation against the appellee's obligation and order only appellee to make a payment."

**{¶ 4}** "II. The trial court erred by denying appellant's objections and disregarding controlling law regarding competing and off-setting monetary obligations."

**{¶ 5}** We first note that Lori failed to file a transcript of the hearing before the magistrate upon which this appeal is based. It is the appellant's duty to file a transcript for appellate review. In the absence of a transcript, we must presume regularity at the trial court proceedings. *State v. Brown* (1988), 38 Ohio St.3d 305, 528 N.E.2d 523; *In re Z.B.,* Cuyahoga App. No. 96304, 2011-Ohio-2936.

**{¶ 6}** Lori argues that the "trial court should have applied a 'set-off' of Lori's obligation against David and only ordered David to make a payment of $250.00 toward attorney fees." Lori supports this argument with the reasoning that there is a mutuality of parties, as well as the type of debt owed (attorney fees), between the two orders; therefore, "[t]here is no basis in law or equity for the trial court to ignore the right of set-off." However, there is no legal "right" to set-off. It is within the court's discretion whether to set off one judgment against another involving the same parties. *Krause v. Krause* (1987), 35 Ohio App.3d 18, 518 N.E.2d 1221. Lori can point to no evidence in the record — particularly without a transcript of the hearing — showing that the court abused its discretion.

**{¶ 7}** Accordingly, the assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

PATRICIA ANN BLACKMON, P.J., and
EILEEN A. GALLAGHER, J., CONCUR