[Cite as *In re A.F.R.*, 2018-Ohio-962.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 106047

# IN RE: A.F.R.

# Minor Child

## [Appeal by Maternal Grandparents, N.R. and L.R.]

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. CU 16110882 and CU 16110883

**BEFORE:** Stewart, J., E.T. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 15, 2018

**ATTORNEY FOR APPELLANTS**

Michael B. Telep
4438 Pearl Road
Cleveland, OH 44109


**ATTORNEY FOR APPELLEE**

Katherine A. Friedell
Schoonover, Rosenthal, Thurman & Daray, L.L.C.
North Point Tower
1001 Lakeside Avenue, Suite 1720
Cleveland, OH 44114

**Also Listed:**

H.G.
4215 West 24th Street
Cleveland, OH 44109

C.T.
1391 South Belvoir
Cleveland, OH 44121

MELODY J. STEWART, J.:

{¶1} Appellants N.R. and L.R., the maternal grandparents of two minor children of appellee Ni.R., appeal from a judgment that adopted a magistrate's decisions granting their motions for visitation with the children (there were separate motions for each child), but ordered the grandparents and mother to engage in counseling to address their ongoing relationship problems. The issue on appeal is whether the court erred by finding the grandparents filed untimely objections to the magistrate's decisions.

{¶2} "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Juv.R. 40(D)(4)(e)(i)." Juv.R. 40(D)(3)(b)(i). The magistrate issued her decision on May 5, 2017. The grandparents filed their objections to that decision on May 22, 2017. The objections were facially untimely.

{¶3} The grandparents argue that their objections were not untimely because the magistrate's decisions were never journalized. They acknowledge that each decision contained the notations "received for filing," but argue that the clerk of the court's receipt of these documents is not the same as journalizing the documents.

**{¶4}** We agree with the grandparents that "filing" and "journalizing" documents are not always the same thing, but this difference affords them nothing. With respect to a magistrate's decision, Juv.R. 40(D)(3)(b)(i) speaks in terms of the decision being filed, not journalized. And for good reason: "a magistrate's decision is not effective unless adopted by the court." Juv.R. 40(D)(4)(a). Until adopted by the court, a magistrate's decision is a preliminary ruling. Because the court speaks only through its journal, *Infinite Sec. Solutions, L.L.C. v. Karam Properties II*, 143 Ohio St.3d 346, 2015-Ohio-1101, 37 N.E.3d 1211, ¶ 29, entering the magistrate's decision on the court's journal upon issuance would incorrectly indicate that it had been adopted by the court.

**{¶5}** "To journalize a decision means that certain formal requirements have been met, i.e., the decision is reduced to writing, it is signed by a judge, and it is filed with the clerk so that it may become a part of the permanent record of the court." *State v. Ellington*, 36 Ohio App.3d 76, 78, 521 N.E.2d 504 (9th Dist.1987). The rules drafters plainly understood that journalizing a magistrate's decision before it had been adopted by the court would be premature because it would suggest that it had indeed been adopted by the court. It is for this reason that Juv.R. 40(D)(3)(b)(i), like its counterpart Civ.R. 53, uses the word "filing" and not "journalizing."[1] In this context, "filing" means that the magistrate's decision has been noted on the record, thus triggering the time period for filing objections.

---

[1] Notably, the Rules of Juvenile Procedure use the word "journalize" in other contexts, demonstrating a clear distinction between it and "filing." *See, e.g.*, Juv.R. 34(F) ("As part of its dispositional order, the court shall journalize a case plan for the child.").

**{¶6}** Cases involving magistrate decisions are distinguishable from cases where the court journalizes a document, usually by the clerk of the court noting the date on which a document has been "received for filing." When the court is journalizing a decision, we have specifically rejected the argument "that filing and journalizing are two separate acts and that the mark 'received for filing' is insufficient to show journalization by the clerk." *See State v. Smith*, 8th Dist. Cuyahoga No. 99428, 2013-Ohio-3154, ¶ 10. *See also State v. Orr*, 8th Dist. Cuyahoga No. 100166, 2014-Ohio-501, ¶ 5 ("a time stamp reflecting the judgment entry had been received for filing is sufficient to provide notice of journalization by the clerk and complies with the requirement of Crim.R. 32(C)."

**{¶7}** It follows that the magistrate's decisions did not, and could not, be journalized upon filing unless specifically adopted by the court. Nevertheless, the issuance of the magistrate's decisions started the time period in which to file objections. The grandparents did not file their objections during the fourteen-day period as required by Juv.R. 40(D)(3)(b)(i) despite having received notice of those decisions. The grandparents argue that the date the magistrate's decisions were actually postmarked — May 8, 2017 — is the date from which the time calculation should start, thus making their objections timely. However, they cite to no authority for the proposition that the date a magistrate's decision is postmarked constitutes the "filing" of a magistrate's decision for purposes of Juv.R. 40(D)(3)(b)(i). Their failure to timely object meant that they forfeited the right to "assign as error on appeal the court's adoption of any factual finding or legal conclusion[.]" Civ.R. 40(D)(3)(b)(iv).

**{¶8}** Judgment affirmed.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

EILEEN T. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR