[Cite as *5105 Franklin, Inc. v. A & A, Inc.*, 2019-Ohio-2222.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| 5106 FRANKLIN, INC., | : | |
| Plaintiff-Appellant, | : | |
| | | Nos. 107517, 107544, and 107712 |
| v. | : | |
| A & A, INC., | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 6, 2019

Civil Appeal from the Cleveland Municipal Court
Housing Division
Case Nos. 2016-CVG-04908 and 2017-CVG-16064

### *Appearances:*

Zukerman, Daiker & Lear Co., L.P.A., Larry W. Zukerman,
and Brian A. Murray *for appellant.*

Dennis M. Coyne, and Wargo Law, L.L.C., and Leslie E.
Wargo, *for appellee.*

LARRY A. JONES, SR., J.:

{¶ 1} This appeal arises out of a dispute between plaintiff-appellant, 5106

Franklin, Inc. ("5106 Franklin" or "landlord") and defendant-appellee, A & A, Inc.,

("A & A") with respect to a commercial lease agreement that contained an option to

purchase property located at 5106 Franklin Boulevard in Cleveland. For the reasons that follow, we affirm.

**Procedural History and Facts**

{¶ 2} On September 1, 2014, 5106 Franklin and A & A entered into a lease agreement for the premises located at 5106 Franklin Boulevard, that included a business, Ohio City Deli. Pursuant to the lease, the parties agreed that A & A had the right to exercise an option to purchase the property in the first five-year term of the lease. Specifically, section 3(c) of the lease provided:

> Lessor agrees to sell and Lessee agrees to buy the premises for four hundred thousand dollars ($400,000.00) during the first five years of the Lease only, at the option of the Lessee. If Lessee opts to purchase the [p]remises in the first 5-year term, Lessor agrees to finance said purchase for a 15 year term with $100,000.00 down payment at reasonable commercial lending rates.

{¶ 3} 5106 Franklin alleges that it started having problems with A & A as soon as the parties entered into the lease agreement. According to 5106 Franklin, A & A demanded that it reduce the previously agreed upon purchase price for the business, inventory, and assets of Ohio City Deli. 5106 Franklin alleges that A & A stopped paying monthly payments that were due under an asset agreement the two parties had previously executed. 5106 Franklin also alleges that A & A failed to pay the full amount of rent for July 2015, shorting the landlord $250.

{¶ 4} On August 11, 2015, A & A sent a certified letter to 5106 Franklin notifying it that A & A was exercising its option to purchase the property. In response, 5106 Franklin informed A & A that it was in breach of its lease. According

to 5106 Franklin, A & A violated the lease by renting the store premises to a movie production company to shoot a movie scene without permission. 5106 Franklin further alleges that when its representatives arrived at Ohio City Deli the day of the movie shoot, A & A representatives and employees shouted vulgarities at them. 5106 Franklin subsequently served a three-day notice to A & A to vacate the premises.

{¶ 5} In August 2015, A & A filed a complaint for specific performance in Cuyahoga County Common Pleas Court. 5106 Franklin filed an answer and counterclaim, asserting a claim for forcible entry and detainer. A & A moved to dismiss 5106 Franklin's counterclaim based on jurisdiction, which the trial court granted, agreeing with A & A that Cleveland Municipal Court, Housing Division, had exclusive jurisdiction over 5106 Franklin's counterclaims. In June 2016, A & A moved to dismiss its claims without prejudice and that case was dismissed.

**2016 Forcible Entry and Detainer Case — 2016-CVG-04908**

{¶ 6} On April 12, 2016, 5106 Franklin, represented by Attorney #1, filed a complaint for forcible entry and detainer and money damages in Cleveland Municipal Court, Housing Division, Case No. 2016-CVG-04908. A & A filed an answer and initial and amended counterclaims, asserting counterclaims for declaratory judgment, retaliation, tortious interference, and specific performance.

{¶ 7} In July 2016, 5106 Franklin retained Attorney #2 and Attorney #1 withdrew from the case. In December 2016, A & A moved for summary judgment, which 5106 Franklin did not oppose. In March 2017, the trial court granted summary judgment in favor of A & A with respect to 5106 Franklin's claims and A

& A's counterclaims for specific performance and declaratory judgment. The trial court set A & A's counterclaims for retaliation and tortious interference for trial.

{¶ 8} In its order granting summary judgment, the trial court ordered 5106 Franklin to convey the property to A & A for the previously agreed upon purchase price of $400,000. The court determined that, pursuant to the lease, 5106 Franklin was obliged to finance the purchase for a 15-year term with $100,000 as a down payment at reasonable commercial lending rates.

{¶ 9} In April 2017, A & A moved for sanctions against 5106 Franklin. 5106 Franklin, through Attorney #2, opposed the motion. In August 2017, the trial court issued an entry reflecting that the parties had reached a settlement, A & A was withdrawing its motion for sanctions, and A & A's remaining counterclaims were dismissed without prejudice.

{¶ 10} In October 2017, A & A filed a motion with the court seeking a monetary offset to the $400,000 purchase price for the property, alleging that it had discovered that a portion of the premises needed $56,125.00 in repairs and for its alleged loss of use of that portion of the property. 5106 Franklin opposed A & A's motion and A & A eventually withdrew its motion.

{¶ 11} In December 2017, 5106 Franklin, who had fired Attorney #2 and re-retained Attorney #1, moved for relief from judgment. The trial court denied the motion.

{¶ 12} In February 2018, A & A filed a motion to show cause and for sanctions, alleging that 5106 Franklin was delaying the sale of the property. A

hearing was held, but no transcript from the hearing exists (the hearing was apparently not recorded). The magistrate overseeing the hearing issued a decision setting forth detailed terms for the closing on the property. 5106 Franklin objected to the magistrate's decision. The court overruled the objections and specifically noted that the deadline for A & A to deposit $100,000 into escrow was the date of closing.[1]

**2017 Eviction Case — 2017-CVG-16064**

{¶ 13} On October 31, 2017, 5106 Franklin, through Attorney #2, filed a complaint for eviction against A & A and its president, Lina Sadeq,[2] in Cleveland Municipal Court, Case No. 2017-CVG-16064. In its complaint, 5106 Franklin alleged that it had served a notice of eviction on October 10, 2017, because A & A refused to pay rent pursuant to the lease agreement or close on the purchase of the premises.

{¶ 14} In November 2017, A & A filed a motion to dismiss, which the trial court converted into a motion for summary judgment. 5106 Franklin, who was now represented by Attorney #1, opposed the motion. In January 2018, the court granted summary judgment in favor of A & A, finding:

> The evidence identified by both parties establishes that Defendant continues to attempt in good faith to execute on its right to purchase the property on the terms in the option it exercised. Defendant has therefore not breached the terms of the purchase such that Plaintiff

---

[1]The court amended the magistrate's decision to include that the financing term would be 15 years.

[2]Lina Sadeq is not a party to this appeal.

has the right to re-take present possession of the subject property. ***
The Court grants judgment to Defendant on Plaintiff's claims.

## Appeals

{¶ 15} 5106 Franklin attempted to appeal the trial court's denial of its motion for relief from judgment in Case No. 2016-CVG-04908. This court dismissed the appeal for lack of a final, appealable order:

> The March 24, 2017 judgment entry was not a final order because the second and third counts of its counterclaim remained unresolved and were set for trial. On July 31, 2017, the parties settled the motion for sanctions, and the defendant voluntarily dismissed without prejudice the second and third counts of its counterclaim. A motion for relief from judgment was thereafter filed by the appellant and denied by the trial court, which is the judgment from which the appellant is appealing. The July 31, 2017 motion did not create a final appealable order because the pending counterclaims were dismissed without prejudice. Pursuant to *Pattison v. W.W. Granger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, a dismissal of a claim without prejudice does not create a final appealable order. The trial court, therefore had no jurisdiction to consider the Civ.R. 60(B) motion, because Civ.R. 60(B) specifically states that it applies only to "final judgment order, or proceeding." *See, Harper v. MetroHealth Ctr.*, 8th Dist. Cuyahoga App. No. 81048, 2002-Ohio-586; *Faraj v. Qasem*, 8th Dist. [Cuyahoga] No. 103374, 2016-Ohio-3261, ¶ 7. Appeal is dismissed for lack of a final appealable order.

*See 5106 Franklin, Inc. v. A & A, Inc.*, 8th District Cuyahoga No. 106856 (Apr. 11, 2018), Motion No. 516305.

{¶ 16} 5106 Franklin also attempted to appeal the court's granting of A & A's motion for summary judgment in Case No. 2017-CVG-16064, which this court also dismissed for lack of a final, appealable order:

> Motion by appellees, A & A, Inc. and Lina Sadeq, to dismiss appeal is granted due to the fact we dismissed the appeal in 106856 based on the order not being a final appealable order. Because the instant

appeal is based in part on the order in 106856, the appeal is not a final appealable order. Appeal dismissed. Notice issued.

*See 5106 Franklin, Inc. v. A & A, Inc.*, 8th District Cuyahoga No. 106857 (Apr. 17, 2018), Motion No. 516307.

{¶ 17} In July 2018, 5106 Franklin filed another motion for relief from judgment in the Case No. 2016-CVG-04908. The trial court denied the motion and 5106 Franklin appealed that denial. *5106 Franklin, Inc. v. A & A, Inc.*, 8th Dist. Cuyahoga No. 107712. In August 2018, 5106 Franklin filed two more appeals. In 8th Dist. Cuyahoga No. 107517, 5106 Franklin filed a notice that it was appealing the trial court's granting of summary judgment in 2016-CVG-04908. In 8th Dist. Cuyahoga No. 107544, 5106 Franklin filed a notice that it was appealing the trial court's granting of summary judgment in 2017-CVG-16064. This court granted 5106 Franklin's motion to consolidate the three appeals for briefing, argument, and disposition.

**Assignments of Error**

I. The Housing Court Abused its Discretion in Denying Appellant's Motion for Relief from Judgment.

II. The Housing Court erred in Granting Summary Judgment in favor of the Appellee on its Causes of Action for Specific Performance and Declaratory Judgment and Against the Appellant on its Causes of Action for Forcible Entry and Detainer and Money Damages.

III. The Housing Court erred in Granting Summary Judgment in favor of the Appellee on the Appellant's cause of action that alleged that the Appellee breached its option to purchase the property due to its unreasonable delay in closing.

**Motion for Relief from Judgment — Case No. 2016-CVG-04908**

{¶ 18} In the first assignment of error, 5106 Franklin argues that the trial court erred in denying its motion for relief from judgment that it filed in Case No. 2016-CVG-04908.

{¶ 19} In order to prevail on a motion for relief from judgment, the moving party must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. 5106 Franklin made its motion pursuant to the catchall provision of Civ.R. 60(B), subsection (5), which allows relief for "any other reason justifying relief from the judgment." All three of the elements enumerated in *GTE* must be established by the movant. If not, the trial court is required to deny the motion for relief from judgment. S*tate ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

{¶ 20} This court reviews a trial court's ruling on a Civ.R. 60(B) motion for relief from judgment for an abuse of discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 21} The trial court granted summary judgment in favor of A & A on March 24, 2017. Almost nine months later, on December 19, 2017, 5106 Franklin, who had re-retained Attorney #1, moved for relief from judgment. The trial court denied the motion. 5106 Franklin appealed the court's denial, but this court dismissed the appeal for a lack of final appealable order on April 11, 2018. More than three months later, on July 31, 2018, 5106 Franklin moved for relief from judgment a second time, advancing the same argument that it had set forth in its first motion, which was that the court should offer relief because Attorney #1 was negligent.

{¶ 22} The trial court denied 5106 Franklin's second motion for relief from judgment, finding: (1) 5106 Franklin failed to show that Attorney #2 abandoned his representation; (2) Attorney #2 appeared in court to defend against A & A's motion for sanctions and negotiated to settle the claim; (3) 5106 Franklin sought to "wind back the clock" so it could follow advice of Attorney #1 instead of the advice it had received from Attorney #2, which went against the intent of Civ.R. 60(B)(5); (4) 5106 Franklin moved for relief from judgment nine months after summary judgment was granted and failed to show good cause for delay; thus, the motion was untimely; and (5) there was no meritorious defense to present even if the court granted relief.

{¶ 23} The court opined that Attorney #2 did not file a response to A & A's motion for summary judgment because 5106 Franklin could not meet its burden of responding to the motion. The court noted that Attorney #2 had represented 5106 Franklin through lengthy depositions during which counsel for A & A elicited

damaging testimony from the landlord's representative and Attorney #2 knew that 5106 Franklin had failed to comply with lease requirements that allowed A & A the opportunity to cure lease violations. Consequently, Attorney #2 counseled his client to negotiate the sale of the subject property to A & A.

{¶ 24} The trial court also noted that were it to grant the motion, the case would resume with the landlord's response to A & A's motion for summary judgment. Thus, the burden was on 5106 Franklin to show what argument it would make in response to the motion. The court noted that A & A's motion for summary judgment relied on deposition testimony from 5106 Franklin's witnesses that undercut the landlord's own claims and its motion for relief made "no effort to rebut the effect of that testimony except by repeating through affidavits assertions that were discredited by the deposition testimony." September 14, 2018 Judgment Entry. Those affidavits, the court concluded, were self-serving and insufficient to defeat summary judgment.

{¶ 25} Upon review, 5106 Franklin has failed to satisfy the *GTE* test. First, 5106 Franklin has not shown that genuine issues of material fact remain that would preclude summary judgment. 5106 Franklin claimed that it had meritorious claims for forcible entry and detainer and money damages due to A & A's failure to pay rent, A & A allowing a production company to shoot a movie scene on the premises without the landlord's approval, and because A & A's employees engaged in criminal activity on the premises. 5106 Franklin further contended that it had a meritorious defense to A & A's cause of action for specific performance. We disagree. We agree

with the trial court that any alleged breaches of the lease were either cured, waived, or were minor breaches that did not amount to A & A forfeiting its right to exercise the option to purchase the property.

{¶ 26} Second, 5106 Franklin has not shown that it is entitled to relief "for any other reason granting relief." 5106 Franklin's argument that Attorney #2 was negligent for failing to respond to A & A's motion for summary judgment is unpersuasive.

{¶ 27} 5106 Franklin cites several cases where this court granted relief under Civ.R. 60(B)(5). In *Rowe v. Metro. Property & Cas. Ins. Co.,* 8th Dist. Cuyahoga No. 73857, 1999 Ohio App. LEXIS 1942 (Apr. 29, 1999), this court granted relief when the appellant's attorney failed to appear for trial. In *CB Group v. Starboard Hospitality, L.L.C.,* 8th Dist. Cuyahoga No. 99387, 2009-Ohio-6652, this court granted relief when the attorney failed to file any pleadings, notify his client of the deadline to respond to a default judgment motion, and failed to forward his new address to his client. In *Render v. Belle*, 8th Dist. Cuyahoga No. 93181, 2010-Ohio-2344, the attorney failed to communicate with his client, engage in discovery, or appear at court hearings. And in *Parts Pro Auto. Warehouse v. Summers*, 8th Dist. Cuyahoga No. 99574, 2013-Ohio-4795, the attorney failed to notify the clients of their need to appear at a pretrial and of default judgment.

{¶ 28} The cases 5106 Franklin relies upon are cases that are distinguishable from this case. In the above mentioned cases, the attorney abandoned his or her client and this court determined that it was unjust under the circumstances for the

client to suffer the consequences of the attorney's inaction. In this case, we agree with the trial court that 5106 Franklin has not shown that Attorney #2 abandoned its representation. Attorney #2 defended against A & A's motion for sanctions, reaching a settlement with the involved parties. Attorney #2 also continued to actively represent 5106 Franklin after the court granted summary judgment against it in Case No. 2016-CVG-04908 by filing a new complaint for eviction.

{¶ 29} Finally, we find that the trial court did not abuse its discretion in concluding that 5106 Franklin's motion was untimely filed. While the trial court could have just as well concluded that the motion was timely filed, we are mindful of our standard of review. Moreover, Civ.R. 60(B) relief is improper if any one of the *GTE* requirements is not satisfied; as stated, there is no requirement that all three prongs be met.

{¶ 30} For the reasons set forth above, the first assignment of error is overruled.

**Summary Judgment**

{¶ 31} In the second and third assignments of error, 5106 Franklin contends that the trial court erred in granting summary judgment in favor of A & A.

{¶ 32} Because 5106 Franklin did not oppose A & A's motions for summary judgment, it has waived any issues that arise on appeal. "It is a fundamental tenet that a party who does not respond to an adverse party's motion for summary judgment may not raise issues on appeal that should have been raised in response to the motion for summary judgment." *Thompson v. Ghee*, 139 Ohio App.3d 195,

199, 743 N.E.2d 459 (10th Dist.2000), citing *Maust v. Meyers Prods., Inc.*, 64 Ohio App.3d 310, 581 N.E.2d 589 (8th Dist.1989).

{¶ 33} Despite the waiver doctrine, this court has, on occasion, chosen to address a party's arguments in the interests of justice despite the waiver doctrine. In this case, however, not only has 5106 Franklin waived review of summary judgment, it has also failed to include citations to the authorities, statutes, and parts of the record that were relied upon, as required by App.R. 16(A)(7) and 12(A)(2).

{¶ 34} In its second assigned error, 5106 Franklin contends that the trial court erred in granting summary judgment in favor of A & A in Case No. 2016-CVG-04908. 5106 Franklin claimed that the trial court erred in granting summary judgment based on Attorney #2's failure to appear at hearings. 5106 Franklin also claimed that the trial court erred in granting summary judgment in favor of A & A "because genuine issues of material fact existed as to whether the Appellee had properly exercised the option to purchase and whether the Appellee had forfeited its right to exercise said option due to its being in arrears on the related asset transfer and purchase agreement and/or by breaching the Lease Agreement." Appellant's brief, p. 37.

{¶ 35} In the third assigned error, 5106 Franklin claimed that the trial court erred in granting summary judgment in Case No. 2017-CVG-16064

> because genuine issues of material fact existed as to whether the Appellee breached the terms of purchase by their delay in tendering the down payment for the purchase price and on placing various additional conditions of the purchase of the premises that the Appellant was under no contractual obligation to comply with.

{¶ 36} App.R. 12(A)(2) provides that "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 16(A)(7) directs the appellant to include in its brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

{¶ 37} 5106 Franklin fails to support its second and third assignments of error with any citations to the record and authority as required by App.R. 12(A)(2) and 16(A); thus, it has waived those arguments — it is not the duty of this court to search the record for evidence to support an appellant's argument. *Rodriguez v. Rodriguez*, 8th Dist. Cuyahoga No. 91412, 2009-Ohio-3456, ¶ 7, citing *State v. McGuire*, 12 Dist. Preble No. CA95-01-001, 1996 Ohio App. LEXIS 1492 (Apr. 15, 1996).

{¶ 38} Accordingly, the second and third assignments of error are overruled.

{¶ 39} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

EILEEN T. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR