[Cite as *In re J.H.*, 2020-Ohio-576.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| IN RE J.H. | : | |
| | : | No. 108565 |
| A Minor Child | : | |
| | : | |
| [Appeal by A.H., Mother] | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 20, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD12920956

### *Appearances:*

A.H., *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Steven W. Ritz, Latina Bailey-Williams, and Marilyn Orkin Weinberg, Assistant Prosecuting Attorneys, *for appellee* Cuyahoga County Office of Child Support Services.

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant-mother A.H. ("Mother") appeals from an order of the juvenile court, imposing a minimum child support order for her son, J.H., who had been placed in the legal custody of his paternal aunt. For the reasons that follow, we affirm.

**Factual Background and Procedural History**

{¶ 2} J.H., born in August 2012, is the biological son of Mother and C.W. ("Father"). In March 2013, he was adjudicated to be a dependent child. On April 4, 2014, the juvenile court granted legal custody of J.H. to his paternal aunt, S.W. No child support order was entered at that time.

{¶ 3} On August 15, 2018, when J.H. was nearly six years old, the Cuyahoga County Office of Child Support Services ("OCSS") filed a motion to intervene and to establish support, requesting that the juvenile court enter a child support order for J.H. pursuant to R.C. 2151.231 and 2151.36. On February 25, 2019, the magistrate held an evidentiary hearing on the motion. Mother was advised that she had the right to be represented by counsel at the hearing but waived that right. Although Mother received and signed a notice of hearing, she did not appear for the hearing.

{¶ 4} On March 28, 2019, the magistrate issued her decision. She recommended that Mother and Father each pay child support of $50 per month (plus the 2 percent fee), concluding that "a minimum support order is in the child's best interests pursuant to R.C. 3119.06." The magistrate declined to impute any income to the parents, indicating that Mother and Father each received supplemental security income ("SSI") benefits and that it was, therefore, "just and appropriate and in the best interest of the child not to determine that the parent[s] [are] voluntarily unemployed or under employed." The magistrate also recommended that Mother and Father share the costs of J.H.'s future health care needs and expenses.

{¶ 5} On April 12, 2019, 15 days after the magistrate issued her decision, Mother filed objections to the magistrate's decision. She did not request a transcript of the hearing.

{¶ 6} On April 18, 2019, the juvenile court approved and adopted the magistrate's decision.

{¶ 7} Mother appealed, raising the following single assignment of error for review:

> This matter involves a hearing that took place on February 25, 2019, where the Magistrate and the Appellate Court [sic] entered an Order that the Appellant and father pay child support. However, on or about April 4, 2014, the child J.H. was placed into the legal care and custody of a third party.

**Law and Analysis**

{¶ 8} Mother first contends that the juvenile court erred in ordering her to pay child support because S.W. had legal custody of J.H.[1] Mother further argues that the juvenile court's decision imposing a minimum child support order[2] and ordering her to share in the cost of J.H.'s future health care needs and expenses was "arbitrary" and, therefore, an abuse of discretion because (1) the juvenile court has the discretion to reduce a child support order to zero under R.C. 3119.06, (2) the

---

[1] Mother's appellate brief contains no argument and cites no authority in support of this contention. For this reason alone we could disregard it. App.R. 12(A)(2), 16(A)(7); *5106 Franklin, Inc. v. A & A, Inc.*, 8th Dist. Cuyahoga Nos. 107517, 107544, and 107712, 2019-Ohio-2222, ¶ 37.

[2] At the time OCSS filed its motion to establish child support, the minimum child support order pursuant to R.C. 3119.06 was $50 per month. Effective March 28, 2019, the minimum child support order increased to $80 per month.

magistrate found that Mother's only source of income was SSI, (3) "SSI cannot be held to constitute a financial resource" and (4) even if a minimum support order was in J.H.'s best interest, "there is no case law that supports child support being taken from SSI."

**{¶ 9}** Generally, we review matters concerning child support under an abuse-of-discretion standard. *See, e.g., Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). In this case, however, our review is limited to plain error because Mother failed to timely file objections to the magistrate's decision.[3] *See*

---

[3] Pursuant to Juv.R. 40(D)(3)(b)(i), "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision." The magistrate's decision states that it was "[r]eceived for filing" on March 28, 2019. However, there is nothing in the record to indicate when the magistrate's decision was actually "filed" with the court. The record reflects that, with respect to orders "filed" and "journalized" in this case, including orders issued by the magistrate, there was often a gap of several days or more between the date on which an order was marked "received for filing" and the date on which the order was actually "filed" and "journalized" by the clerk. However, in *In re A.F.R.*, 2018-Ohio-962, 108 N.E.3d 1107, ¶ 5-7, this court distinguished the "filing" of a magistrate's decision from other documents that are "journalized" by the clerk of courts and held that the date of "issuance of the magistrate's decision," i.e., the date the decision is marked "received for filing," triggers the start of the 14-day period within which to file objections to the magistrate's decision under Juv.R. 40(D)(3)(b)(i).

The record in this case reflects that it was not until April 3, 2019 — six days after the magistrate's decision was "[r]eceived for filing" — that the clerk sent a copy of the magistrate's decision via ordinary mail to A.H. *See* Juv.R. 40(D)(3)(a)(iii) ("A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served on all parties or their attorneys no later than three days after the decision is filed."). It is unknown when A.H. received a copy of the magistrate's decision. Under the circumstances here, A.H. would have had good cause to seek an extension of the deadline within which to file her objections. *See* Juv.R. 40(D)(5) ("For good cause shown, the court shall allow a reasonable extension of time for a party to file a motion to set aside a magistrate's order or file objections to a magistrate's decision. 'Good cause' includes, but is not limited to, a failure by the clerk to timely serve the party seeking the extension with the magistrate's order or decision."). However, she did not do so. Although we are constrained to follow *A.F.R.* and find that A.H.'s objections — filed 15 days after the magistrate's decision was "received for filing" — were untimely, given the absence of a transcript, we cannot say that we would have reached a different result in this appeal if A.H. had timely objected to the

Juv.R. 40(D)(3)(b)(iv) ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv. R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)."); *see also* Civ.R. 53(D)(3)(b)(iv).

{¶ 10} In civil cases, review for plain error is to be conducted "with the utmost caution." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). Plain error is limited to those "extremely rare cases" in which "exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a materially adverse effect on the character of, and public confidence in, judicial proceedings." *Id.*; *see also Gue v. Girardi*, 8th Dist. Cuyahoga No. 106269, 2018-Ohio-3788, ¶ 43. The error must be clearly apparent on the face of the record and prejudicial to the appellant. *See, e.g., Wells Fargo Bank, N.A. v. Lundeen*, 8th Dist. Cuyahoga No. 107184, 2020-Ohio-28, ¶ 12; *Hamilton v. Hamilton*, 10th Dist. Franklin No. 14AP-1061, 2016-Ohio-5900, ¶ 8.

{¶ 11} Mother has not argued plain error on appeal and following our careful review of the limited record before us, we cannot say that this is the "extremely rare case" in which an error has occurred that "seriously affect[s] the basic fairness, integrity, or public reputation of the judicial process" and in which recognition of

magistrate's decision and we were to review the trial court's decision for error or abuse of discretion, rather than plain error.

plain error is necessary to avoid a "manifest miscarriage of justice." *Goldfuss* at syllabus.

{¶ 12} As the biological mother of J.H., Mother has a duty to support him. *See* R.C. 3103.03 and 3103.031. The fact that S.W. has been granted legal custody of J.H. does not obviate that duty. R.C. 3119.07(C) expressly provides:

> If neither parent of a child who is the subject of a child support order is the residential parent and legal custodian of the child and the child resides with a third party who is the legal custodian of the child, the court shall issue a child support order requiring each parent to pay that parent's child support obligation pursuant to the child support order.

*See also* R.C. 2151.231 ("The parent, guardian, or custodian of a child, the person with whom a child resides, or the child support enforcement agency of the county in which the child, parent, guardian, or custodian of the child resides may bring an action in a juvenile court * * * under this section requesting the court to issue an order requiring a parent of the child to pay an amount for the support of the child without regard to the marital status of the child's parents. * * * The court, in accordance with sections 3119.29 to 3119.56 of the Revised Code, shall include in each support order made under this section the requirement that one or both of the parents provide for the health care needs of the child to the satisfaction of the court."); R.C. 3119.30(A) (addressing provision for health care for children in child support order).

{¶ 13} Contrary to Mother's assertion, the juvenile court did not treat Mother's SSI benefits as "income" when determining her child support obligation. Rather, the court issued a minimum child support order pursuant to R.C. 3119.06.

The version of R.C. 3119.06 in effect at the time OCSS filed its motion to establish support stated:

> Except as otherwise provided in this section, in any action in which a court issues or modifies a child support order or in any other proceeding in which a court determines the amount of child support to be paid pursuant to a child support order, the court shall issue a minimum child support order requiring the obligor to pay a minimum of fifty dollars a month. The court, in its discretion and in appropriate circumstances, may issue a minimum child support order requiring the obligor to pay less than fifty dollars a month or not requiring the obligor to pay an amount for support. The circumstances under which a court may issue such an order include the nonresidential parent's medically verified or documented physical or mental disability or institutionalization in a facility for persons with a mental illness or any other circumstances considered appropriate by the court.

> If a court issues a minimum child support order pursuant to this section and the obligor under the support order is the recipient of need-based public assistance, any unpaid amounts of support due under the support order shall accrue as arrearages from month to month, and the obligor's current obligation to pay the support due under the support order is suspended during any period of time that the obligor is receiving need-based public assistance and is complying with any seek work orders issued pursuant to section 3121.03 of the Revised Code. The court, obligee, and child support enforcement agency shall not enforce the obligation of the obligor to pay the amount of support due under the support order while the obligor is receiving need-based public assistance and is complying with any seek work orders issued pursuant to section 3121.03 of the Revised Code.

{¶ 14} Mother asserts that because she receives SSI, the juvenile court's order, imposing a minimum child support obligation, was not "legal." However, R.C. 3119.06, expressly contemplates that a "recipient of need-based public assistance" — such as SSI — could be an obligor under a minimum child support order and states what is to occur "[i]f a court issues a minimum child support order pursuant to this section and the obligor under the support order is the recipient of

need-based public assistance." Although the juvenile court has the discretion in "appropriate" circumstances, including where a nonresidential parent has a "medically verified or documented physical or mental disability," to issue a child support order requiring the obligor to pay less than fifty dollars a month (or to issue zero support order), we cannot say, based on the limited record before us, that the juvenile court plainly erred in failing to do so here.

{¶ 15} The cases relied upon by Mother in challenging the juvenile court's child support order do not support her position. In *Loewen v. Newsome,* 9th Dist. Summit No. 28107, 2018-Ohio-73, the Ninth District held that the trial court did not act arbitrarily in "following the statute" and imposing a minimum child support obligation under R.C. 3119.06 on a mother who "did not argue that any exception applied." *Id.* at ¶ 57. In *In re Adoption of B.I.*, 157 Ohio St.3d 29, 2019-Ohio-2450, 131 N.E.3d 28, the court addressed the "two statuses of parental obligation," i.e., the general obligation of parents to support their children imposed by law in R.C. 3103.03, and the specific child-support obligation imposed by judicial decree that supersedes the general obligation once the court issues its decree, as it relates to R.C. 3107.07 (the statute declaring when the consent of a parent is not required for a minor's adoption). *Id.* at ¶ 36. The court held that a parent's nonsupport of his or her minor child pursuant to a zero-support court order did not extinguish the requirement that the parent must consent to the adoption of the child. *Id.* at ¶ 43. Finally, *Paton v. Paton*, 91 Ohio St.3d 94, 742 N.E.2d 619 (2001), involved the treatment of SSI benefits received by a disabled child for the purpose of calculating

her parents' child support obligation — not SSI benefits received by a parent. In that case, the court held that the SSI benefits received by a disabled child "do not constitute a financial resource of the child" for purposes of "justifying a trial court's deviation from the basic child support schedule." *Id.* at 98.

{¶ 16} We are aware that in *Morris v. Morris*, 4th Dist. Meigs No. 02CA10, 2003-Ohio-5598, the Fourth District held that "a trial court abuses its discretion in ordering child support when the parent's only source of income is SSI" because it "circumvents the prohibition against SSI being included in income for purposes of calculating support." *Id.* at ¶ 1, 9-12. However, this case is distinguishable from *Morris.* In *Morris*, the Child Support Enforcement Agency filed a motion to modify the father's support obligation, requesting that the trial court impose a minimum support order. The father appeared at the hearing. The parties did not dispute that the father's only source of income was SSI benefits and that he was permanently and totally disabled due to blindness. *Id.* at ¶ 3.

{¶ 17} In this case, Mother did not appear at the hearing and the magistrate's decision contains limited factual information. Because we have no transcript of the proceedings, we have no way of knowing what (if any) evidence was presented regarding the nature or extent of Mother's mental or physical disability, her living situation and expenses, the child's situation and expenses or any other factors that may have been relevant to the magistrate's decision to recommend a minimum support order. Where, as here, a party does not file timely objections to the magistrate's decision, the juvenile court may adopt the magistrate's decision "unless

it determines that there is an error of law or other defect on the face of the magistrate's decision." Juv.R. 40(D)(4)(c); *see also* Civ.R. 53(D)(4)(c). Neither has been shown to exist here.

{¶ 18} We find no indication in the record that the magistrate or the juvenile court committed plain error. Without a transcript from which to determine the factual basis for the decision to impose a minimum support order, we must presume regularity of the proceedings in the juvenile court and affirm. *See, e.g., Tibbitts v. Tibbitts,* 8th Dist. Cuyahoga No. 96746, 2011-Ohio-5280, ¶ 5; *Dinu v. Dinu*, 8th Dist. Cuyahoga No. 89216, 2008-Ohio-223, ¶ 12; *Studley v. Biehl*, 10th Dist. Franklin No. 18AP-11, 2018-Ohio-2274, ¶ 12-14. Accordingly, we overrule Mother's assignment of error.

{¶ 19} Judgment affirmed.

It is ordered that appellees recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the Cuyahoga County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule

27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR